J-S24002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                       :          PENNSYLVANIA
                                       :
            v.                           :
                                       :
                                       :
JUSTIN TORRES                    :
                                       :
            Appellant          :      No. 2666 EDA 2019

Appeal from the Judgment of Sentence Entered July 16, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002678-2018

BEFORE:   BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED AUGUST 07, 2020**

      Appellant, Justin Torres, appeals from the judgment of sentence of 3-6 years' incarceration imposed following his guilty plea to aggravated indecent assault ("AIA"), 18 Pa.C.S. § 3125.  The trial court ordered Appellant to comply with the Sexual Offenders Registration and Notification Act ("SORNA I"), 42 Pa.C.S. § 9799.10, *et. seq.*, as modified by Acts 10 and 29 of 2018[1] ("SORNA II"), as a Tier III offender.  Appellant presents various arguments challenging the constitutionality of SORNA II.  After careful review, we vacate the portion of Appellant's judgment of sentence deeming him a Tier III offender under SORNA II, and remand for further proceedings consistent with this memorandum.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

On March 29, 2019, Appellant pled guilty to AIA. The facts underlying Appellant's guilty plea are not germane to this appeal. Subsequently, on July 16, 2019, the trial court sentenced Appellant to 3-6 years' incarceration, and ordered him to register as a Tier III offender[2] under SORNA II. "On July 19, 2019, an *en banc* panel of [the Court of Common Pleas of Monroe County] that had been empaneled to hear a variety of challenges to SORNA [II] entered an order (the "SORNA Order") denying constitutional challenges to SORNA [II] raised in several other cases." Trial Court Opinion ("TCO"), 10/11/19, at 1.

Appellant filed a timely post-sentence motion on July 26, 2019, in which he challenged the constitutionality of SORNA II. At that time, our Supreme was still considering the case of **Commonwealth v. Torsilieri**, No. 37 MAP 2018, 2020 WL 3241625 (Pa. filed June 16, 2020). In Appellant's post-sentence motion, he raised claims identical to the issues upon which the trial court in **Torsilieri** deemed SORNA II unconstitutional. **See** Appellant's Post-Sentence Motion, 7/26/19, at 3 ¶ 11 ("The issues raised by [Appellant] in this case, as well as in the case of … **Torsilieri** … are the same."). Based on the SORNA Order, the trial court denied Appellant's post-sentence motion without a hearing on August 13, 2019. TCO at 2.

_____

[2] *Inter alia*, Tier III offenders are required to register for life with the Pennsylvania State Police, 42 Pa.C.S. § 9799.15(a)(3), and are subject to mandatory in-person reporting requirements quarterly. 42 Pa.C.S. § 9799.25(a)(3).

Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on October 11, 2019.

Appellant now presents the following questions for our review:

1. Whether the [trial] court erred when it found that SORNA [II] does not deny [A]ppellant due process under Articles 1 and 11 of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of the enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of the fundamental right to reputation?

2. Whether the court erred when it found that SORNA [II] does not deny [A]ppellant procedural due process under Article 11 of the Pennsylvania Constitution because it unlawfully impinges on the right to reputation without notice and an opportunity to be heard?

3. Whether the court erred when it found that SORNA [II] does not deny [A]ppellant procedural due process under the Fifth and Fourteenth amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

4. Whether the court erred when it found that SORNA [II] does not violate substantive due process under the Pennsylvania and Federal Constitutions, U.S. CONST. Amend. XIV, Pa. CONST. Art. 1, § 1, because SORNA [II] deprives individuals of inalienable rights and fails to satisfy strict scrutiny?

5. Whether the court erred when it found that SORNA [II] does not constitute criminal punishment and therefore violates the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

6. Whether the court erred when it found that SORNA [II] does not contravene the Fifth, Sixth, and Fourteenth Amendments [to] the United States Constitution and the corresponding protections of the Pennsylvania Constitution because as a criminal punishment, SORNA cannot be imposed without due process, notice, and opportunity to contest its imposition, and ensuring that each fact necessary to support the mandatory sentence is

submitted to a jury and proven beyond a reasonable doubt pursuant to *Apprendi v. New Jersey*, 530 U.S. 266 (2000)[,] and *Alleyne v. United States*, 1570 U.S. 99 (2013)?

7. Whether the court erred when it found that SORNA [II] does not constitute criminal penalties and therefore the imposition of mandatory lifetime sex offender registration for nearly all of [T]ier III offenses is not cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution?

Appellant's Brief at 8-10.  As all these claims are identical to the matters considered by our Supreme Court in *Torsilieri*, which the Court recently decided, *Torsilieri* guides our disposition in this case.

In *Torsilieri*, the Commonwealth appealed from the trial court's order deeming SORNA II unconstitutional under multiple legal theories pertaining to the registration and reporting requirements set forth in Revised Subchapter H[3] of the statute.  More specifically, the trial court had

concluded that the registration and notification provisions of Revised Subchapter H violated [Torsilieri]'s right to due process by impairing his right to reputation, as protected by the Pennsylvania Constitution, through the utilization of an irrebuttable presumption. The court also concluded that the statute violated his right to due process under the United States and Pennsylvania Constitutions because the statutory system failed to provide the requisite notice and opportunity to be heard. It also concluded that Revised Subchapter H violated the separation of powers doctrine because the General Assembly's enactment of Revised Subchapter H essentially removed the trial court's ability to fashion an individualized sentence.  Finally, the court held that the statute violated *Alleyne* and *Apprendi* by allowing "the imposition of enhanced punishment based on an irrebuttable presumption of future dangerousness that is neither determined by the finder of fact nor premised upon proof beyond

---

[3] The Supreme Court uses the term "Revised Subchapter H" to refer to Subchapter H as it appears under SORNA II.

a reasonable doubt."  The court, therefore, vacated [Torsilieri]'s sentence to the extent it required him to comply with Revised Subchapter H's sexual offender registration provisions.

*Torsilieri*, 2020 WL 3241625 at *3.

The *Torsilieri* Court did not ultimately reach the merits of any of the constitutional challenges at issue in the Commonwealth's appeal, determining instead that the factual record was not sufficiently developed in the trial court, noting "the Commonwealth's tactics at the post-sentence hearing … potentially prevented the necessary development of the record." *Id.* at *22. In order to resolve all the constitutional challenges, the *Torsilieri* Court concluded that factual and credibility findings were necessary regarding whether "the legislative determinations underpinning Revised Subchapter H [of SORNA II] … (1) that all sexual offenders pose a high risk of recidivation and (2) that the tier-based registration system of Revised Subchapter H protects the public from the alleged danger of recidivist sexual offenders … have been undermined by recent scientific studies…." *Id.* at *21.

Although the *Torsilieri* Court recognized that "it will be the rare situation where a court would reevaluate a legislative policy determination," it nevertheless determined that Torsilieri had presented evidence constituting "a colorable argument to debunk the settled view of sexual offender recidivation rates and the effectiveness of tier-based sexual offender registration systems underlying the General Assembly's findings…." *Id.* at *22.  However, "as the trial court did not have the benefit of the opposing science, if any, the evidence" before the Supreme Court in *Torsilieri* did "not

provide a sufficient basis to overturn the legislative determination." ***Id.*** Accordingly, the Court concluded that "the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings." ***Id.***

In the case *sub judice*, the trial court denied without a hearing Appellant's post-sentence motion, which raised explicitly identical claims to those at issue in ***Torsilieri***. In doing so, the court relied exclusively on the SORNA Order. TCO at 2 ("The SORNA Order states the reasons why we denied [Appellant]'s challenge and, therefore, adequately addresses his appeal issue."). The trial court further noted that all of Appellant's constitutional challenges "will ultimately rise or fall with our Supreme Court's decision in the ***Torsilieri*** appeal." ***Id.*** However, the SORNA order contains no analysis of the ***Torsilieri*** issues. ***See*** SORNA Order, 7/18/19, at 2-3. The order indicates that a hearing was held, but does not identify what evidence, if any, was presented at that hearing. ***Id.*** at 1.

Here, just as in ***Torsilieri***, there is insufficient evidence of record to decide any of the issues before us. Thus, following ***Torsilieri***, we vacate the order denying Appellant's post-sentence motion and remand for a post-sentence motion hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above. Otherwise, we affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence **vacated** in part, **affirmed** in part. Case **remanded** for further proceedings consistent with this memorandum and *Torsilieri*. Jurisdiction **relinquished**.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/20